1 W 532
32 SC ²128
f 33 SC ²513

# Silvergood *against* Storrick.

Upon the reversal of a judgment of a justice of the peace upon a *certiorari*, the award of execution for the costs is as much a part of the judgment as the reversal itself.

The judgment of the court of common pleas upon a *certiorari* is final, whether as regards reversal, costs, execution or any other matter; and the supreme court will take no cognizance of it.

ERROR to *Northumberland* county.

*James Silvergood* and *William Silvergood*, defendants, obtained a judgment in their favour against *Lewis Storrick* and *John Huggins*, plaintiffs, before a justice of the peace; the judgment was removed into the common pleas by *certiorari*, and reversed. *Storrick* and *Huggins* issued an execution out of the common pleas, for the costs which accrued before the justice and in court. The court below refused to set aside the execution, and this writ of error was sued out, and these errors assigned.

1. The court below should have set aside the execution as to the costs which accrued before the justice.

2. The executions are for costs, in favour of a plaintiff who reversed his own proceeding.

3. There was no judgment to support an execution.

*Donnel*, for plaintiff in error, cited, 5 *Bin.* 204; 4 *Serg. & Rawle* 196; 3 *Penns. Rep.*

*Packer*, contra.

PER CURIAM.—The award of execution for the costs is as much a part of the judgment of reversal as is the reversal itself; and so inseparably is it connected with the execution which followed, that neither could be reversed without the other. The ground taken in support of the writ is, that there was *no* award of execution, the

[Silvergood v. Storrick.]

judgment entered by the usual short memorandum being, in contemplation of law, what it would, if reduced to form, appear to be in fact; consequently, if the costs are not allowable, there would be no special award of execution for them. The court below, however, who could best judge of the meaning of its entry, thought there was such an award, else the execution would have been set aside on the rule to show cause. But the twenty-second section of the act of 1810, which declares, that "the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid by the said court, and no writ of error shall issue thereon," is applicable to every judgment or proceeding of that court on writs of *certiorari* in the cases intended, whether as regards reversal, costs, execution, or any other matter. In *Welker* v. *Welker*, 3 *Penns. Rep.* 21, which might be thought irreconcilable to this, the *scire facias* which was the subject of error was an original proceeding in the common pleas, and might have presented an issue for the determination of a jury. Here, however, the matter is clearly not within our jurisdiction, and we cannot take cognizance of it.

Writ of error quashed *quia improvide*.