# Bauer *versus* Angeny.

1. The Supreme Court has jurisdiction—since, as well as prior to the Constitution of 1874—to issue writs of certiorari to justices of the peace, to bring up the record of statutory proceedings instituted by a purchaser at sheriff's sale to recover possession of the land purchased.

2. In such a case the justice's transcript showed that the occupant of the premises filed an affidavit that he held under another person than the defendant in the execution. The justice, without issuing a summons to such other party, as required by the 115th section of the Act of June 16th 1836, gave judgment against the occupant, in default of the entry of recognizance with security. *Held*, to be error.

April 26th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

CERTIORARI to James Gilkyson, Esq., a justice of the peace of Bucks Co., Pa., to remove the record of certain proceedings instituted before him by Joseph S. Angeny against Leonard Bauer, to recover possession of certain premises purchased by the former at sheriff's sale, which were in the occupancy of the latter. Of January Term 1882, No. 355.

In obedience to this writ, the said justice returned the following transcript :—

Before James Gilkyson, J. P. of Bucks county.

JOSEPH S. ANGENY,
    *v.*
LEONARD BAUER.

January 27th 1882. The petition of Joseph S. Angeny, verified by his oath, was presented to me, James Gilkyson, a justice of the peace, setting forth that the petitioner had purchased at sheriff's sale a certain messuage and tract of land, known as the New Galena Hotel, situated, . . . . containing ten acres of land, sold as the property of Eva Maria Klumpp, and that the deed for the same to the petitioner had been duly acknowledged by the sheriff of Bucks county on October 26th 1881. That the said Leonard Bauer, being in possession of said premises and came into possession of the same under Eva Maria Klumpp at the time of this application, was duly notified of the sale of the same to the petitioner and requested to give up said estate three months previously to said application. Whereupon same day warrant was issued to the sheriff of Bucks county commanding him to summon a jury of six men to appear before said justice at the arbitration room in court house on the 31st day of January, at ten o'clock A. M. to

[Bauer *v.* Angeny.]

inquire of the premises, and also to summon the said Leonard Bauer to appear before said justice and jury at the same time and place to show cause, if any he had, why delivery of said messuage and tract of ten acres of land should not be delivered to the petitioner.

And now, January 31st 1882, the said jury having come before the said justice at the time and place in said warrant named, and the said Leonard Bauer having also appeared, and the said jury having been duly sworn and affirmed, the said justice and jury proceeded to inquire of the premises and found that the said Joseph S. Angeny has become the purchaser of the real estate in the petition mentioned : namely, a certain messuage and tract of land known as the New Galena Hotel, situated, . . . . containing ten acres of land, more or less, by purchase at sheriff's sale as the property of Eva Maria Klumpp; and that a sheriff's deed therefor to the said Joseph S. Angeny was duly acknowledged on the 22d of October last ; that the said Leonard Bauer now in possession of said real estate came into possession under Eva Maria Klumpp, the defendant, as whose property such real estate was sold ; that he has had three months' notice of said sale, and of the requisition of the said Joseph S. Angeny to surrender the possession to him previously to the said application, and that the said Leonard Bauer hath hitherto refused and neglected to comply with said notice and requisition. And the said jury do assess the damages against said Leonard Bauer for the unjust detention of the premises at the sum of $75.

January 31st 1882. Leonard Bauer files the following :

Bucks County, *ss.* Leonard Bauer, the above-named person in possession of the premises, the subject of the above proceedings, namely, All that certain messuage, &c., . . . . being the same premises which Henry Mueller and wife conveyed to Henriette Beuhler in fee, being duly sworn, says that he does not hold the same under Eva Maria Klumpp, the defendant in the execution under which the sale took place, but under Henriette Beuhler, by a lease from said Henriette Beuhler, dated April 11th 1881, for the term of three years.

LEONARD BAUER.

Sworn and subscribed, &c.

*H. Lear, Esq.*, attorney for Joseph Angeny, asks judgment, as no recognizance with security as required by law was entered into.

Whereupon the said justice, same day, does award possession of said real estate to said Joseph S. Angeny and enter judgment against said Leonard Bauer for the sum of $75, the damages

[Bauer *v.* Angeny.]

aforesaid, and the sum of $26.88 as the reasonable costs fixed by said justice.

February 11, 1882. Warrant issued by said justice to the sheriff of Bucks county forthwith to deliver to the said Joseph S. Angeny full possession of said lands and tenements, and to levy the costs and damages aforesaid.

The appellant filed the following assignments of error:

1. That the record, as returned by the said justice of the peace, is defective because it does not show that after appellant had made affidavit of claim of title in Henriette Beuhler, who was not the defendant in the execution under which the property was sold, that the said justice ever did summon the said Henriette Beuhler to appear before him, as provided for by an Act of Assembly in such case made and provided.

2. Because the justice erred in giving judgment against appellant for the reason he assigns in his record, that is, " H. Lear, Esq., attorney for Joseph S. Angeny, asks judgment, as no recognizance with surety, as required by law, was entered into," it not being the duty of the tenant to enter his recognizance and security, but the duty of the landlord under whom he claims to hold the land.

*William F. Johnson* and *Francis E. Brewster* (with them *Charles F. Corson* and *William Mayne*), for the appellant.— This was a proceeding under the Act of June 16th 1836, the 115th section of which directs that when the person in possession files an affidavit that he holds under another person than the defendant in the execution, the justice shall summon the party under whom he claims to hold, and upon the appearance of such party, take his affidavit and recognizance, etc. The occupant in this case filed an affidavit that he did not hold under the defendant but under another person, but the justice did not issue a summons to such other person, but gave judgment against the defendant on the ground, as stated by plaintiff's attorney in his motion for judgment, that " no recognizance with security, as required by law, was entered into." The error of the justice is thus apparent on the face of his record and we ask for a reversal. We further ask for a decree of restitution of rents accrued: Breading *v.* Blocher, 5 Cas. 347 ; Cooke *v.* Reinheart, 1 Rawle 317.

*George Lear*, for the appellee, presented no paper book. He moved to quash the writ of certiorari on the ground that there is no jurisdiction in the Supreme Court to review directly the judgment of a justice of the peace without a prior appeal to the Court of Common Pleas. Art. v. § 8, of the old Constitution

directed : " The judges of the Courts of Common Pleas shall, within their respective counties, have the like powers with the judges of the Supreme Court to issue writs of certiorari to the justices of the peace and to cause their proceedings to be brought before them and the like right and justice to be done." The Constitution of 1874, art. v. § 10, omitting the words " like powers with the judges of the Supreme Court," prescribes : " The judges of the Courts of Common Pleas, within their respective counties, shall have power to issue writs of certiorari to justices of the peace and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done." The omission of the above words negatives by necessary implication the construction that the Supreme Court can now issue writs of certiorari to justices of the peace. The jurisdiction of the Supreme Court is defined and limited in section 3 of art. v. of the new Constitution, and that section provides: " they shall have appellate jurisdiction by appeal, certiorari or writ of error in all cases as is now or may hereafter be provided by law." Section 24 of the Act of March 20th 1810 (5 Sm. L. 164), provides that " no writ of certiorari issued by or out of the Supreme Court to any justice of the peace, in any civil suit or action, shall be available to remove the proceedings had before such justice of the peace." No good reason has been assigned why proceedings by a purchaser of real estate at sheriff's sale to recover possession, as well as other " civil suits or actions," before justices of the peace, should not be taken first to the Common Pleas and then removed to this court by certiorari or writ of error. This practice was followed in Clark *v.* Yeat, 4 Binney 185.

Although the justice did not issue a summons to Henriette Buehler, under whom the defendant claimed, yet, as a matter of fact, she was present at the hearing, thereby waiving a summons, and she filed an affidavit but did not give recognizance. The affidavit does not appear upon the justice's record of this case, because there were two proceedings before the same justice for recovering possession of different parts of the same property, and her affidavit became part of the record of the other case, which is now pending in the Common Pleas of Bucks county. The magistrate's judgment was entered in this case, not because Bauer did not give recognizance, but because Henriette Buehler did not.

*Francis E. Brewster*, in reply.—This court cannot travel out of the record, as it appears here. It does not show an appearance by Henrietta Buehler. The Supreme Court, apart from its inherent power to review the proceedings of all inferior tribunals, was expressly vested by the Acts of 1722 and 1836,

[Bauer v. Angeny.]

with jurisdiction to review the proceedings of justices of the peace, and this jurisdiction was expressly recognized by the former Constitution. It is nowhere expressly taken away by the new Constitution, and it cannot be repealed by implication; Com'th v. Betts, 26 P. F. S. 465. It is true that "civil suits or actions" before justices were expressly excepted from the jurisdiction by Act of March 20th 1810, § 24, but it has been decided that a proceeding to recover possession, such as the present, is not a "civil suit or action" within the intent of the Act of 1810: Lenox v. McCall, 3 S. & R. 97. See also Com'th v. Willow Grove Turnpike Co., 2 Binn. 263; Appeal of Commissioners of Northampton Co., 7 P. F. S. 452.

Mr. Justice PAXSON delivered the opinion of the Court, October 2d 1882.

It appears by the record which the justice of the peace has sent up in obedience to our writ of certiorari, that upon the hearing before him, Leonard Bauer, who was the person in possession of the premises in dispute, made affidavit that "he does not hold the same under Eva Maria Klumpp, the defendant in the execution under which the sale took place, but under Henriette Beuhler, by a lease from said Henriette Beuhler, dated the eleventh day of April 1881, for the term of three years."

At this point it was the duty of the justice, under the 115th section of the Act of 16th June 1836, to have issued a summons to the said Henriette Beuhler, returnable within thirty days. The Act then provides: "And if at such time, the said person shall appear and make oath or affirmation, that he verily believes that he is legally entitled to the premises in dispute, and that he does not claim under the said defendant, but by a different title, or that he claims under the said defendant by title derived before the judgment aforesaid, and shall enter a recognizance with sureties, as aforesaid, in such case, also, the justices shall forbear to give judgment."

The justice did not issue the summons as required by the Act of Assembly, but proceeded to give judgment, for the reason, as we gather inferentially from the record, that no recognizance with surety was entered. This was error. At this stage of the cause no recognizance was required from any one. If Bauer had made the affidavit required by the 114th section of the act, it would have been his duty to have entered into recognizance and given security as required by the Act, before he could have demanded that the justice "shall forbear to give judgment." But the affidavit was made under the 115th section, which requires the claimant when he shall appear, to make oath as specified in the act, and to enter into recognizance. If he shall fail to appear, or if after having appeared, he shall refuse

4 OUTERBRIDGE—28

to take the oath and enter into recognizance, it is the duty of the justice to proceed. The object of this section is to give the claimant named in the affidavit of the person in possession, an opportunity to be heard. If he refuses to appear, or to sustain the claim thus made for him, it is the duty of the justice to proceed and give judgment.

It was stated upon the argument at bar that Henriette Beuhler was present at the hearing before the justice and had an opportunity of making the oath and entering into the recognizance. Nothing of this kind appears upon the record, and we must confine ourselves to the facts as there stated.

We are of opinion that the judgment of the justice must be reversed. We will not, however, award restitution unless it shall hereafter be made to appear that injustice has been done.

Judgment reversed.