3 P    85|<br>32 SC ¹129|

---

October and November Term, 1882, No. 155.    October 18, 1882.

## Stewart *et al. v.* Lindsay *et al.*

1. Under the act of March 20, 1810, Pur. Dig., 608, the decision of a Court of Common Pleas on a *certiorari* to a justice of the peace is final and conclusive and no writ of error lies.

2. The act of 1879, P. L., 194, merely enlarges the jurisdiction of the justices and does not give a right to a writ of error.

Before Sharswood, C. J.; Mercur, Gordon, Trunkey, Sterrett, and Green, JJ. Paxson, J., absent.

Error to the Court of Common Pleas No. 1 of *Allegheny county.*

*Certiorari* in the Court below to an alderman of the city of Pittsburgh in an action of debt brought by D. Stewart and W. C. Stewart, doing business as D. Stewart & Son, against J. C. Lindsay and George B. Sterritt, doing business as Lindsay, Sterritt & Co.

The alderman gave judgment for the plaintiffs for $200 and costs.

The Court below, upon exceptions filed, reversed the judgment.

The plaintiffs then took out a writ of error, assigning as error this action of the court.

October 9, 1882, the defendants moved to quash the writ of error.

*J. McF. Carpenter* for plaintiffs in error.

This being a writ of error to the judgment of the Court of Common Pleas on a suit brought into that Court by *certiorari* to an alderman, objection is made to the right to have the cause heard in this Court.

The Court is referred to the following, decisions sustaining that right: Seaman *v.* The Commonwealth, P. L. J., vol. 29, 95; Cooke *v.* Reinhart, 1 R., 317; Zimmerly *v.* Road Com., 1 C., 134; Haines *v.* Levin, 1 P. F. S., 412; Johnson *v.* Betts, 26 *Idem*, 465.

[Willard *v.* Davis.]

*Noah W. Shafer* for defendants in error.

Section twenty-two of the act of March 20, 1810, reads: "And the judgment of the Court of Common Pleas shall be final on all proceedings removed as aforesaid by the said Court, and no writ of error shall lie thereon." All of the cases cited by plaintiffs in error arose under special laws and expressly recognize the binding effect of the act, *supra.*

The act of 1879, entitled "An act to enlarge the jurisdiction of justices of the peace and regulating the fees of constables making sales under this act," provides: "And provided, further, that nothing contained in this act shall be construed to alter, impair, or abridge the right of any person to appeal from the judgment of the justice of the peace, magistrate, or alderman, or to *certiorari* the proceedings to the Court of Common Pleas of the proper county as in other cases."

The wisdom of the act of Assembly of 20th March, 1810, has been shown by an acquiescence therein by the legal profession for more than seventy years, and its authority and the decisions under it should not now be questioned.

OCTOBER 25, 1882.—PER CURIAM: It is expressly enacted that the decision of the Court of Common Pleas on a *certiorari* to a justice of the peace under the act of 1810 shall be final and conclusive, and that no writ of error shall lie. The act of 1879 merely enlarges the jurisdiction of the justice—with the same right of appeal and *certiorari* as in the act of 1810—and there is no reason why the provision as to writ of error should not be applicable.

Writ of error quashed.