## Pennsylvania Pulp & Paper Company *versus* Stoughton.

A writ of error does not lie to review the judgment of the Court of Common Pleas upon certiorari to the judgment of an alderman or justice of the peace, in a proceeding under the Acts of March 20, 1810 (5 Sm. L. 171, § 20), and July 7, 1879 (P. L. 194). The judgment of the Court of Common Pleas in such case is final.

April 29, 1884. Before GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, C. J. and CLARK, J., absent.

ERROR to the Court of Common Pleas, of *Clinton County:* Of July Term, 1883, No. 204.

This was, in the court below, a certiorari directed to Alderman W. K. Fearon, of the city of Lock Haven, to remove the proceedings in a suit before him in which D. R. Stoughton was plaintiff and the Pennsylvania Pulp Company was defendant.

The alderman's transcript ʼshowed that the sum demanded was $277.36, being the balance claimed to be due upon an account for labor and goods furnished by plaintiff to defendant. The alderman, after hearing, entered judgment for plaintiff for that sum. The defendant's exceptions related, inter alia, to the manner in which said judgment had been entered, and to want of notice thereof to defendant.

The court, in an opinion by MAYER, P. J., dismissed the exceptions and affirmed the judgment of the alderman. The defendant thereupon took this writ of error, assigning for error said action of the court.

*Seymour D. Ball,* for the plaintiff in error.

*C. S. McCormick,* for the defendant in error.—Aldermen of the city of Lock Haven have, under the Act incorporating said city, the same powers and are governed by the same Acts as justices of the peace. It is expressly provided, by section 21 of the Act of March 20, 1810, that the judgment of the Common Pleas in proceedings removed from justices of the peace " shall be final . . . . . and no writ of error shall issue thereon." Borland *v.* Ealy, 7 Wr., 111; Silvergood *v.* Storrick, 1 Watts, 532; Cozens *v.* Dewees, 2 S. & R., 112.

Mr. Justice GORDON delivered the opinion of the court, May 19, 1884.

This was a writ of certiorari, issued by the Court of Common Pleas of Clinton County, to W. K. Fearnon, an alderman, or justice of the peace, of said county, to bring up his judgment and proceedings in the above entitled case, for hearing and adjudication. These proceedings were duly examined and affirmed in and by said court, and judgment was entered for the plaintiff.

The case now comes to us on a writ of error, and we are asked to review the judgment of the court below; but without a violation of the emphatic prohibition of the Act of 1810, this we cannot do. The 22d section of that Act provides that " the judgment of the Court of Common Pleas shall be final on all proceedings removed as aforesaid," that is, by certiorari, " by the said court, and no writ of error shall issue thereon."

Then, further, in order to shut out the possibility of a review in this court on such a writ of proceedings before a justice of the peace, the 24th section provides as follows: " No writ of certiorari issued by or out of the Supreme Court, to any justice of the peace, in any civil suit or action, shall be available to remove the proceedings had before such justice of the peace." It is thus obvious that if these statutory provisions are of force, the writ of error in this case is *coram non judice,* and of no effect. To no purpose, therefore, are we asked to correct a judgment, and to review proceedings that are not before us. It is, however, alleged that the Act of 1879 (Ph. L., 194) in effect repeals the above recited provisions of the Act of 1810. But we regard this allegation as without foundation.

The Act referred to does but enlarge the jurisdiction of justices of the peace, and extends the affidavit of defence law to suits in their courts, otherwise the old Act remains intact. And that there was no intention to make any alteration such

as that suggested, is obvious from the language used in the second proviso to the second section of this Act, which reads as follows : " That nothing contained in this Act shall be construed to alter, impair or abridge the right of any person to appeal from the judgment of the justice of the peace, magistrate or alderman, or to certiorari the proceedings to the Court of Common Pleas of the proper county, as in other cases." From this proviso it will be seen that the certiorari, as theretofore, is limited to the Common Pleas, and there is no indication of an intention to enlarge, in this particular, the jurisdiction of the Supreme Court. Nor is there any reason why it should be otherwise; in suits before magistrates parties have their right of appeal, and if they do not choose to avail themselves of the means furnished for the review of a case on its merits, there is no reason why they should be encouraged to attempt to defeat, through mere technicalities, what may be a just judgment.

The writ of error is quashed.