Huntington and Broad Top Mountain Railroad, Appellant, *v.* Fluke.

*Appeals—Justice of the peace—Jurisdiction—Defective service—Quashing appeal.*

No appeal lies from the judgment of the court of common pleas in certiorari proceedings dismissing exceptions to the judgment of a justice of the peace, where such exceptions are based on an alleged defect in the service of summons

Argued Oct. 24, 1906.  Appeal, No. 63, Oct. T., 1906, by plaintiff, from judgment of C. P. Bedford Co., April T., 1905, No. 6, affirming judgment of a justice of the peace in case of Huntingdon and Broad Top Mountain Railroad Company v. David Fluke.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Appeal quashed.

Certiorari to the judgment of a justice of the peace.  Before WOODS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court.

*Charles G. Brown,* for appellant.

*E. M. Pennell,* for appellee.

OPINION BY RICE, P. J., November 19, 1906:

This is an appeal from a judgment of the common pleas affirming upon certiorari the judgment of a justice of the peace, in an action of trespass.  It is not disputed that the cause of action was within the jurisdiction of the justice, nor that the judgment of a justice of the peace in an action of trespass is within that provision of the 22d section of the act of 1810, 5 Sm. L. 161, which reads, "And the judgment of the common pleas shall be final on all proceedings removed as aforesaid (by certiorari) by the said court, and no writ of error shall issue thereon."  It is claimed, however, that the service of summons was defective, and, therefore, that the justice had no jurisdiction of the defendant.  But clearly the common pleas had jurisdiction to decide that question, and it would be doing violence to the language of the statute to hold that its judgment is less conclusive in a case involving the question of the regularity of service of process, than a case involving other questions of law.  The right of the appellate court to issue the writ, which otherwise would exist, is taken away absolutely by the statute in certain classes of cases, and is not merely made dependent upon the nature of the exceptions to the justice's record; and the precedents, with perhaps one exception, show that it has been construed, and applied in accordance with its plain

terms.    This was certainly the view taken in the early cases :
Cozens v. Dewees, 2 S. & R. 112; Johnson v. Hibbard, 3
Whart. 12; Silvergood v. Storrick, 1 Watts, 532.    See also
Palmer v. Lacock, 107 Pa. 346.    For example, in Cozens
v. Dewees, the court quashed the writ " because it issued
improvidently; this being a case in which a writ of error
is taken away by the act of March 20, 1810."    In Borland v.
Ealy, 43 Pa. 111, the writ was quashed notwithstanding the
objection that the common pleas had affirmed the judgment of
a justice of the peace for an amount beyond the jurisdiction of
justices of the peace, except in special cases where the defend-
ant voluntarily appears without being served with process.
As to the question whether the Supreme Court could review
the decision of the common pleas, Chief Justice LOWRIE said,
" We at first thought yes, because of the want of jurisdiction
appearing on the record.    But we find, section 22, that one of
the very purposes of the certiorari is to inquire whether
the cause of action was ' cognizable before a justice of the peace,'
and the next words make the judgment of the common pleas
final, and exclude a writ of error.    This is too peremptory to
be overlooked."    In Diehm v. Parkes, 1 Mona. 174, the writ
was quashed although the question raised was as to the juris-
diction of a justice of the peace to entertain suit, and give
judgment against a married woman without joinder of her
husband.    In Jacobs v. Ellis, 156 Pa. 253, where the matter
alleged as error was that the court set aside the proceedings of
the justice on the ground that the record disclosed no proper
service upon the defendant, the appeal was quashed at bar.
This case is pertinent because it shows that the conclusiveness
of the judgment of the common pleas is not affected by the
mere fact that the jurisdiction of the justice is the question in-
volved.    In Penna. Pulp & Paper Co. v. Stoughton, 106 Pa.
458, Justice GORDON, speaking of the 22d section of the act
of 1810, said, " Then, further, in order to shut out the possi-
bility of a review in this court on such a writ of proceedings
before a justice of the peace, the 24th section provides as
follows : ' No writ of certiorari issued by or out of the Supreme
Court, to any justice of the peace in any civil suit, or action,
shall be available to remove the proceedings had before such
justice of the peace.'    It is thus obvious that if these statutory

provisions are of force, the writ of error in this case is coram non judice, and of no effect. To no purpose, therefore, are we asked to correct a judgment, and to review proceedings that are not before us." This is entirely inconsistent with the idea that a writ may issue upon the judgment of the common pleas if the jurisdiction of the justice of the peace is in any way involved in the case. The statute contains no such qualification of the inhibition, "no writ of error shall issue thereon." Nor has such a qualification been introduced by later legislation: Penna. Pulp & Paper Co. v. Stoughton, 106 Pa. 458; Stewart v. Lindsay, 3 Penny. 85; Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547, and cases therein cited; Minogue v. Ashland Borough, 27 Pa. Superior Ct. 506; Adams v. Berge, 30 Pa. Superior Ct. 422. It is true that in Murdy v. McCutcheon, 95 Pa. 435, the judgment of the common pleas affirming upon certiorari the judgment of a justice of the peace was reviewed and reversed upon the ground of the defectiveness of the summons, but in that case the jurisdiction of the Supreme Court seems not to have been raised by counsel, nor considered by the court; at least it is not alluded to in the opinion. We think it cannot be regarded as overruling the earlier cases where the question was considered, and other cases to the same effect. It is argued in the present case that it appears by the opinion filed by the learned judge below that he based his judgment upon an erroneous construction of the constable's return. We do not deem it necessary to discuss the question whether his construction was correct or not, for it is apparent from what has heretofore been said that that question cannot be brought before us for decision. The finality of his judgment is not dependent upon the correctness of the reasons given by him in support of it.

The appellee's motion is allowed, and the appeal is quashed.