## Deering Harvester Company, Appellant, *v.* Zink.

*Appeals—Justice of the peace—Finality of judgment—Quashing appeal.*

A judgment of the common pleas reversing a judgment of a justice of the peace on certiorari, and entering judgment for defendant for costs, is final, and, under the Act of March 20, 1810, 5 Sm. L. 161, no appeal lies from it.

Argued March 5, 1907. Appeal, No. 10, March T., 1907, by plaintiff, from judgment of C. P. Clinton Co., Jan. T., 1906, No. 90, reversing judgment of a justice of the peace in case of Deering Harvester Co. v. Valentine Zink. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Certiorari to justice of the peace.
The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court.

*C. S. McCormick*, for appellant.

*W. C. Kress*, with him *C. G. & S. D. Furst*, for appellee.

PER CURIAM, May 13, 1907:

The plaintiff brought an action against the defendant before a justice of the peace upon a promissory note and obtained judgment. The defendant removed the proceedings to the common pleas by certiorari, and that court upon consideration of the exceptions made this order: " The judgment of the justice reversed and judgment entered in favor of defendant for costs." The Act of May 11, 1901, P. L. 164, provides, that where proceedings shall be removed by certiorari from before a justice of the peace by the defendant, in case " said proceedings are reversed and judgment given by the court for the defendant, said judgment shall be entered of record in the prothonotary's office, and shall carry with it all costs incurred in the case." It is argued that this implies that the court not only may reverse without entering judgment for the defendant, but in a proper case may reverse and enter judgment for the defendant, and that only in the latter case is there to be a judgment of the common pleas for costs. It is contended further that the judgment in question is to be interpreted, not as a judgment for the defendant within the meaning of the act of 1901, but only, as an award of costs upon reversal of the proceedings; that the award of costs was erroneous, and that in that particular the action of the court is reversible upon appeal, notwithstanding the provisions of the twenty-second section of the act of March 20, 1810, 5 Sm. L. 161, that " the judgment of the common pleas shall be final in all proceedings removed as aforesaid by the said court, and no writ of error shall issue thereon." The question of the finality of the judgment of the common pleas upon the question of costs is not a new one, and it has been authoritatively determined against the appellant's contention in Silvergood v. Storrick, 1 Watts, 532, and Palmer v. Lacock, 107 Pa. 346. In the first case the court declared that the twenty-second section of the act of 1810 " is applicable to every judgment or proceeding of that court on writs of certiorari in the cases intended, whether as regards reversal, costs, execution or

any other matter." This decision was followed in the second case, where Justice GREEN said : "As the language of the act extends to the judgment of the common pleas on all proceedings removed by the writ of certiorari, it necessarily embraces a judgment or determination of the court on a question of costs and of execution therefor in the case removed. Such judgment is a part of such proceedings, and therefore comes within the final and exclusive jurisdiction of the common pleas. It is unnecessary to consider the question whether the defendant was entitled to his costs on the certiorari, as it is not within our province." These rulings are conclusive of the question before us.

The appeal is quashed.