## Yost, Appellant v. Yost.

*Appeals—Justice of the peace—Trespass.*

No appeal lies from a judgment of the common pleas, reversing on certiorari a judgment of a justice of the peace in favor of the plaintiff in an action of trespass.

Argued Nov. 11, 1908. Appeal, No. 221, Oct. T., 1907, by plaintiff, from judgment of C. P. Lancaster Co., June T., 1906, No. 10, reversing judgment of a justice of the peace in case of David C. Yost v. William Yost. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Certiorari to judgment of a justice of the peace. Before HASSLER, J.

*Error assigned* was order reversing judgment of a justice of the peace in favor of the plaintiff in an action of trespass.

*B. D. Davis,* for appellant.—The judgment of the court below in a certiorari from proceedings of a justice of the peace is final when those proceedings are under the Act of March 20, 1810, 5 Sm. L. 161, where the process is executed in the same manner. The case in hand, however, does not come within the act of 1810. It is an action of trespass, and is under the Act of March 22, 1814, sec. 1, 6 Sm. L. 182  The service of the

summons is not in accordance with the act of 1810, but in accordance with the Act of July 9, 1901, P. L. 614, which has superseded the act of 1810. Therefore, as the act holding the judgment of the court below to be final is only under the act of 1810, and as the case in hand is not under that act in any respect, the appellate court has jurisdiction: Com. v. Burkhart, 23 Pa. 521; Strouse v. Lawrence, 160 Pa. 421; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Betts, 76 Pa. 465.

*W. C. Rehm*, with him *W. U. Hensel*, for appellees.—It is moved to quash the appeal because no appeal lies in such cases as the one brought here.

The judgment of the court of common pleas is final on all proceedings reversing the judgment of a justice of the peace in an action of trespass under the Act of 1814, P. L. 182: Cozens v. Dewees, 2 S. & R. 112; Diehm v. Parkes, 1 Mona. 174; Carroll v. Barnes & Erb Co., 11 Pa. Superior Ct. 590; Crumley v. Coal Co., 13 Pa. Superior Ct. 231; Alexander v. Goldstein, 13 Pa. Superior Ct. 518; Johnson v. Hibbard, 3 Whart. 12; Castor v. Cloud, 2 W. N. C. 252; Jacobs v. Ellis, 156 Pa. 253.

Per Curiam, February 26, 1909:

This is an appeal from a judgment of the common pleas, reversing on certiorari a judgment of a justice of the peace in favor of the plaintiff, in an action of trespass. As early as 1815 it was decided that a writ of error did not lie to such a judgment: Cozens v. Dewees, 2 S. & R. 112. And the same was held by us in the recent case of Minogue v. Ashland Boro., 27 Pa. Superior Ct. 506. The reason for the conclusion is that the provisions of the act of 1810, that the judgment of the common pleas shall be final in all proceedings under that act removed on certiorari by said court, and that no writ of error shall issue thereon, were extended by the act of 1814, to actions of trespass and trover brought before a justice of the peace. It is contended that the rule is not applicable because later legislation has changed the mode of service of summons. Without expressing any opinion upon the question whether the mode of service has been changed, it is sufficient to say that even if it were so, this

would not affect the law making the judgment of the common pleas final in the classes of cases mentioned in the Acts of March 20, 1810, 5 Sm. L. 161, and March 22, 1814, 6 Sm. L. 182: Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547

The appellee's motion is allowed and the appeal is quashed at the costs of the appellant.