## Home Protective Association, Appellant, v. Reese.

*Justice of the peace—Judgment—Certiorari—Appeals—Jurisdiction— Quashing appeal—Acts of March 20, 1810, 5 Sm. L. 161.*

No appeal lies from the judgment of the court of common pleas, affirming, on certiorari, a judgment of a justice of the peace in an action of assumpsit.

Argued May 1, 1911. Appeal, No. 36, April T., 1911, by plaintiff, from judgment of C. P. Cambria Co., June T., 1910, No. 35, affirming judgment of justice of the peace in case of Home Protective Association of Canton, Pa., v. James W. Reese, Administrator of Falb Edwards alias Edward Farby Abati, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Certiorari to judgment of a justice of the peace.
The opinion of the Superior Court states the case.

*Error assigned* was in affirming judgment of justice of the peace.

*Henry Wilson Storey*, for appellant.

*D. P. Weimer*, for appellee.

OPINION BY RICE, P. J., July 13, 1911:

This is an appeal from the judgment of the common pleas affirming, on certiorari, the judgment of a justice of the peace in an action of assumpsit. The justice's transcript and the summons issued by him described the defendant as a corporation under and by virtue of the laws of Pennsylvania, and the former shows that the claim was for "the sum of $200 due and owing on an accidental insurance policy held by Falb Edwards alias Edward Farby Abati in defendant company." The cause of action, though informally stated, was within the jurisdiction conferred on justices of the peace by the act of 1810, as amended by the act of 1879. The summons was issued to constable Downs on February 12, and was returnable on February 18. The constable of Canton borough, in Bradford county, who was deputized by Downs, returned that he served it on February 12, by handing a true and attested copy thereof to the president of the company. Although an affidavit to the truth of the return was not indorsed on the summons, yet it appears by the transcript that it was made under oath specially administered. This was sufficient. Upon the hearing of the certiorari depositions were submitted to show the nature of the corporation, its charter, constitution, by-laws and domicile and, upon these, an argument is made that it is not the kind of corporation to which secs. 1 and 14 of the Act of July 9, 1901, P. L. 614, apply. We express no opinion on the question thus raised, for the reason that we have no jurisdiction to review the judgment of the common pleas which involves the determination of matters dehors the record. Section 22 of the Act of March 20, 1810, 5 Sm. L. 161, provides that "the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid (by certiorari), by the said court, and no writ of error shall issue thereon." This prohibition, that has been on the statute books for over 100 years and has been found to work well, ought not to be refined away by subtle and ingenious construction that

is, in effect, a repudiation of it. It has been upheld and enforced in a multitude of cases. We have no authority, and, if we had, we would have no disposition, to tone down the vigor of its expression. Amongst the late cases, some of which are closely analogous to the present, are: Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547; Adams v. Berge, 30 Pa. Superior Ct. 422; Huntington & Broad Top Mt. R. R. Co. v. Fluke, 32 Pa. Superior Ct. 126; Yost v. Yost, 38 Pa. Superior Ct. 464. Leaving the depositions out of consideration, as on this appeal must be done, it cannot be said that the record conclusively shows that the justice did not have jurisdiction of the parties or of the subject-matter. Therefore, without deciding whether or not there were irregularities or defects in the record which would have justified the common pleas in reversing, we hold that its judgment is final.

The appeal is quashed.