# Miller *v.* Metropolitan Life Insurance Company, Appellant.

*Appeals—Order of common pleas affirming judgment of justice—Quashing appeal.*

No appeal lies from the judgment of the court of common pleas affirming on certiorari the judgment of a justice of the peace.

Argued Oct. 9, 1914.  Appeal, No. 3, Feb. T., 1915, by defendant, from judgment of C. P. Clinton Co., Oct. T., 1913, No. 8, affirming judgment of justice of the peace in case of Mary R. Miller v. Metropolitan Life Insurance Company.  Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.  Appeal quashed.

Motion to quash appeal.

*Henry Hipple*, with him *Candor & Munson*, for appellant.

*E. Clinton Rhoads*, with him *Morris Wolf*, deputy attorney general, and *John C. Bell*, attorney general, for insurance commissioner.

OPINION BY RICE, P. J., November 16, 1914:

This action of assumpsit was begun before a justice of the peace.  The summons was served upon George A. Johnson, local agent of the defendant company, at Lock Haven, Pa., at the office and place of the company for receiving premiums.  Upon the return day, as shown by the justice's transcript, George A. Johnson appeared before the justice and requested a continuance for the defendant until a later day, which was granted.  Upon this later date the defendant did not appear and after judgment had been entered in the plaintiff's favor a certiorari was sued out.  The common pleas affirmed the

judgment of the justice and thereupon this appeal was taken. A motion to quash is presented which, amongst other things, is based on the ground that the judgment of the common pleas is final. The precise question in all of its essential features was raised and considered by this court in Huntingdon and Broad Top Mountain Railroad v. Fluke, 32 Pa. Superior Ct. 126. Following the principle of that decision and of other cases therein cited we are led to the conclusion that the motion must prevail. The case of Murdy v. McCutcheon et ux., 95 Pa. 435, which is urged upon our attention by the appellant's counsel, was therein considered and we are not required to say anything further than we said there with regard to the controlling effect of that decision. Section 22 of the Act of March 20, 1810, 5 Sm. L. 161, provides that "the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid (by certiorari), by the said court, and no writ of error shall issue thereon." "This prohibition, that has been on the statute books for over 100 years and has been found to work well, ought not to be refined away by subtle and ingenious construction that is, in effect, a repudiation of it. It has been upheld and enforced in a multitude of cases. We have no authority, and, if we had, we would have no disposition, to tone down the vigor of its expression:" Home Protective Association v. Reese, 47 Pa. Superior Ct. 452.

The appeal is quashed at the costs of the appellant.