## Widener, Appellant, *v.* Schwartz.

*Appeals—Justice of the peace—Certiorari.*

No appeal lies from the judgment of the court of common pleas, in certiorari, dismissing exceptions to the judgment of a justice of the peace.

Argued April 19, 1920.    Appeal, No. 85, April T., 1920, by plaintiff, from judgment of C. P. Cambria

294, (1920).] Statement of Facts—Opinion of the Court.

County, Sept. T., 1919, No. 372, affirming judgment of a justice of the peace, in the case of Alton Widener v. Max Schwartz, trading and doing business as Schwartz Brothers, now for use of C. W. Mosholder.  Before PORTER, HENDERSON, HEAD, TREXLER and LINN, JJ.  Affirmed.

Certiorari to the judgment of a justice of the peace. Before O'CONNOR, J.

The opinion of the Superior Court states the case.

The court below affirmed the judgment of the justice of the peace.

*Error assigned* was the decree of the court.

*Donald E. Dufton,* and with him *L. Verde Rhue,* for appellant.

*James A. Graham,* for appellee.

PER CURIAM, July 14, 1920:

This litigation had its inception in an action of assumpsit before an alderman, brought by Schwartz, for use of Mosholder, plaintiff, (defendant here) against Widener, the appellant, to recover for goods sold and delivered.  The alderman entered judgment in favor of the plaintiff for the amount of his claim, Widener thereupon procured the case to be taken to the Court of Common Pleas of Cambria County, upon certiorari, which court affirmed the judgment of the alderman.  There can be no doubt that the cause of action was within the jurisdiction of the alderman and it is equally clear that the judgment is within that provision of the 22d section of the Act of March 20, 1810, 5 Smith's Laws 171, Purdon's Digest, page 1452, which reads:  "And the judgment of the common pleas shall be final on all proceedings removed as aforesaid (by certiorari) by the said court, and no writ of error shall issue thereon."  The right of the

appellate court to review the judgment of the common pleas in certain classes of cases, of which this case is one, is taken away absolutely by the statute. This was so clearly demonstrated by the opinion of President Judge RICE in Huntingdon & Broad Top Mountain Railroad v. Fluke, 32 Pa. Superior Ct. 126, that further discussion is unnecessary. Proceedings by a landlord to dispossess a tenant after the expiration of his term, such as Holly v. Travis, 71 Pa. Superior Ct. 527, are not subject to the provisions of the Act of 1810; Clark v. Yeat, 4 Binney 185; Lenox v. McCall, 3 S. & R. 95, nor are proceedings to recover possession by a purchaser at sheriff's sale: Bauer v. Angeny, 100 Pa. 429, nor is a prosecution for a penalty under the road laws: Commonwealth v. Betts, 76 Pa. 495. The judgment of the common pleas, upon certiorari to the judgment of an alderman, is subject to the provisions of this statute: Johnson v. Hibbard, 3 Wharton 12; Pennsylvania Pulp & Paper Co. v. Stoughton, 106 Pa. 458. The case being within the class subject to the provisions of the Act of 1810, the legislative mandate is peremptory and must be respected.

The motion of the appellee is allowed, and the appeal is quashed.