## Shaffer, Appellant, *v.* Sires.

*Appeals — Order of court of common pleas — Affirming judgment of justice—Official act of justice of peace—Validity—Legal election—Right to question.*

No appeal lies from the judgment of the court of common pleas affirming on certiorari the judgment of a justice of the peace.

Where the magistrate was acting under and by virtue of an election by the people and a commission in regular form was issued to him by the Governor of the Commonwealth, he was a de facto officer and, as against all parties but the Commonwealth, was an officer de jure. His right to the office cannot be questioned in any other form than by quo warranto at the suit of the Commonwealth. His powers cannot be inquired into collaterally.

Argued April 11, 1923.   Appeal, No. 131, April T., 1923, by the defendant, from judgment of C. P. Venango Co., April T., 1922, No. 68, affirming judgment of the justice of the peace in the case of Lawrence Shaffer v. Joseph Sires.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Appeal quashed.

Certiorari from judgment of a justice of the peace. Before CRISWELL, P. J.

The opinion of the Superior Court states the case.

The court affirmed the judgment of the justice of the peace in favor of the plaintiff.   Defendant appealed.

Assignment of Error—Opinion of the Court. [81 Pa. Superior Ct.

*Error assigned* was the decree of the court, quoting it.

*N. F. Osmer,* and with him *A. R. Osmer,* for the appellant, cited: Pantell v. Dickey, 123 Pa. 431; Miltimore v. Miltimore, 40 Pa. 155; Com. v. Barnett, 199 Pa. 180.

*Millard Scheide,* for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

This is an appeal from a judgment of the common pleas affirming, upon certiorari, the judgment of an alderman in an action of assumpsit. The cause of action was within the jurisdiction conferred on aldermen and justices of the peace by the Act of 1810, as amended by the Act of 1879, P. L. 194. We have no jurisdiction to review the judgment of the common pleas. The 22d section of the Act of March 20, 1810, 5 Sm. L. 161, expressly provides that "the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid, (by certiorari) by the said court, and no writ of error shall issue thereon": Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231; Home Protective Association v. Reese, 47 Pa. Superior Ct. 452; Miller v. Metropolitan Life Insurance Co., 58 Pa. Superior Ct. 464. This is true although the record discloses that the justice of the peace had no jurisdiction: Huntingdon & Broadtop Mountain Railroad v. Fluke, 32 Pa. Superior Ct. 126. But, if we were to consider the case as properly before us, the single proposition on which this appeal is grounded is that the alderman who heard the case was ineligible to hold that office and any judgment which he rendered was void, because he had not resided in the ward in which he was acting as such official for one year next preceding his election to such office, as required by article V, section 11, of the Constitution. It is sufficient to say that the alderman was acting under and by virtue of an election by the people and a commission in regular form issued to him by the Governor of the Commonwealth. He was

589, (1923).]          Opinion of the Court.

a de facto officer and, as against all parties but the Commonwealth, was an officer de jure. His right to the office cannot be questioned in any other form than by quo warranto at the suit of the Commonwealth. His powers cannot be inquired into collaterally: Clark v. Com., 29 Pa. 129; Coyle v. Com., 104 Pa. 117.

The appeal is quashed at the costs of appellant.