## Commonwealth v. Haslam

*Emanuel H. Klein,* for Commonwealth.
*Wilbur H. VanDine,* for defendant.

BIESTER, J., April 24, 1950.—On May 29, 1949, Charles Malosnik, a Pennsylvania State policeman,

filed an information before Horace L. Koder, one of the justices of the peace of Bucks County, charging Robert P. Haslam with violation of article X, section 1002($b$) (6) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §501, alleging that defendant had unlawfully operated his motor vehicle in Richland Township, Bucks County, at an excessive rate of speed.

Defendant waived hearing, and on November 9, 1949, the matter came before the Court of Quarter Sessions of Bucks County for hearing. At this hearing, testimony having been offered and the parties having agreed upon certain additional facts, defendant, by his counsel, raised the jurisdictional question as to whether the justice of the peace was "the nearest available magistrate within the . . . township where the alleged violation occurred".

The Vehicle Code, as amended by the Act of June 27, 1939, P. L. 1135, sec. 31, and by the Act of May 18, 1949, P. L. 1412, sec. 30, 75 PS §731 provides in part, as follows:

"Information, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township where the alleged violation occurred: Provided, however, that where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township."

It appears that Horace L. Koder, the justice of the peace whose jurisdiction is attacked, was elected to

that office in the Township of Richland, Bucks County, for a term of six years beginning the first Monday of January 1946. During the term of his office, by proper proceedings, a part of the Township of Richland, of which he was a resident, was annexed to the Borough of Quakertown, the residence and office of the justice of the peace being in that portion of Richland Township so annexed. Mr. Koder thus became, and has continued to be, a resident of the Borough of Quakertown. His office is maintained at his residence.

There are two justices of the peace in and for Richland Township having their residences therein.

The record, as returned by the justice of the peace, not only fails to disclose affirmatively that he is a resident of the Township of Richland, but could not do so as this was not in accordance with the factual situation. If we did not know the contrary to be true, we would assume from the record that Horace L. Koder was a justice of the peace commissioned as such for the Borough of Quakertown, as the notice to appear states the office of the justice of the peace to be "West Broad Street, Quakertown, Pa.", and the official seal contains the words "Justice of the Peace, Quakertown, Bucks Co."

We think the law is well established that the record of the justice of the peace as filed with the clerk of quarter sessions must affirmatively disclose facts necessary to his acquiring jurisdiction of the proceeding before him: Commonwealth v. Bickerstaff, 26 Erie 256; Commonwealth v. Borden, 61 Pa. 272; Commonwealth v. Pa. Milk Products Corp., 141 Pa. Superior Ct. 282; Commonwealth v. Bedding, 38 D. & C. 103; Commonwealth v. Williams, 56 D. & C. 549. In the instant case the record did not, and, indeed, could not, affirmatively disclose such jurisdiction.

We conclude that the record, in failing to disclose jurisdiction, is fatally defective and, such being the

case, might dispose of the question by quashing the proceedings without further consideration of the question involved. In view of the fact, however, that other similar cases, having origin before the same justice of the peace may come before us with a less imperfect record, further discussion of the unique problem involved may be of assistance to law enforcement officers in the vicinity involved.

The Commonwealth and the justice of the peace contend, the latter having been represented by private counsel at argument, that the phraseology "nearest available magistrate within the . . . township" contemplates that the nearest available magistrate *commissioned* within the township is vested with jurisdiction and that since Horace L. Koder was commissioned for the Township of Richland he was "within the township" within the meaning of the act of assembly.

We believe this argument to be without merit in view of the acts of assembly which require the residence and office of the justice of the peace to be within the territorial limits of the district for which he is commissioned.

The Act of February 22, 1802, P. L. 75, 3 Sm. L. 490, 42 PS §171, is as follows:

"From and after the first day of August next no justice of the peace shall act as such unless he shall reside within the limits of the district for which he was commissioned."

The Act of June 21, 1839, P. L. 376, sec. 13, 42 PS §172, provides:

"The several aldermen and justices of the peace, elected and commissioned under this act, shall be subject to removal in the same manner and for the same causes prescribed by the existing laws of this commonwealth, and, during their continuance in office, shall respectively keep their offices in the ward, bor-

ough or township, for which they shall have been elected."

It, therefore, appears quite clear that a justice of the peace commissioned for any district must also have his residence and office within it.

Not only must the justice of the peace have his residence and office in the district for which he has been commissioned, but he may not perform judicial acts in any other district: Wright v. Millar, 1 Lack. L. N. 346; Commonwealth v. Moore, 15 D. & C. 263; Novick v. Buck, 1 Leg. Rec. 76.

It would, therefore, appear that a hearing must be held in the district in which the justice of the peace is commissioned and in which he resides and has his office. This being so, and it being agreed that Horace L. Koder, although commissioned for Richland Township, does not reside nor have his office therein, his status, so long as this situation exists, is such that he does not fall within the classification set forth in The Vehicle Code as being a proper official before whom informations may be brought for violations of the summary provisions of The Vehicle Code occurring in Richland Township.

We are not in this proceeding deciding whether Horace L. Koder is disqualified from holding the office of justice of the peace by reason of the annexation by Quakertown Borough of that portion of the Township of Richland in which he resides and has his office, as he cannot be removed from office by collateral attack: Shaffer v. Sires, 81 Pa. Superior Ct. 589; Clark v. Commonwealth, 29 Pa. 129; Coyle v. Commonwealth, 104 Pa. 117.

Now, April 24, 1950, for the reasons above stated, the information is quashed, the case is dismissed, and defendant is discharged from his recognizance. Costs in this case to be paid by Bucks County.