Perroni, Appellant, *v.* Thornberry.

648

Argued April 15, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*A. N. Brunwasser,* for appellant.

*H. N. Rosenberg,* with him *Rosenberg & Rosenberg,* for appellee.

OPINION BY ROSS, J., July 14, 1953:

R. O. Thornberry, appellee herein, brought an action of trespass against the appellant, Vincent Perroni, before an alderman in and for the City of Pittsburgh. After a summons had been served on Perroni but before judgment or even a hearing, the attorney for Perroni obtained a writ of certiorari commanding the alderman to certify and send the record of the case to the Court of Common Pleas of Allegheny County.

Appellant's attorney filed specifications of error in support of the writ of certiorari. It was alleged that the "alderman had no jurisdiction to take the said suit" because Thornberry had failed to pay costs in a prior action arising out of the same occurrence. It was further alleged that the alderman had no jurisdiction because the service was defective. The court below "quashed" the writ of certiorari because it was "is-

sued for the purpose of securing appellate revision" and so was "premature because the proceedings before the alderman had not ripened into a judgment".

Counsel for appellant did not appear at the time fixed for argument of the issues raised by his specifications of error. Subsequently he learned that the writ had been quashed and then filed a petition for a rule to show cause why judgment should not be opened. The petition stated in substance that judgment should be opened because counsel for appellee failed to serve notice on counsel for appellant that the matter had been placed on the general argument list and the latter learned that it was on the argument list only "when he appeared to argue other cases before the court". The court below refused the rule. Perroni has appealed to this Court contending that the court below erred in quashing the writ of certiorari and in refusing to open the judgment. Both contentions, however, raise the single question: Did the lower court err in quashing the writ of certiorari?

Section 22 of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, 42 PS §957, provides in part: ". . . and that the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid [by certiorari], by the said court, and no writ of error shall issue thereon." Following the language of the statute we have consistently denied jurisdiction in matters such as the one now before us. We cannot review the judgment of the common pleas touching upon the merit of a writ of certiorari directed to an alderman or justice of the peace. *Crumley v. Crescent Coal Co.,* 13 Pa. Superior Ct. 231; *Home Protective Assn. v. Reese,* 47 Pa. Superior Ct. 452; *Miller v. Metropolitan Life Ins. Co.,* 58 Pa. Superior Ct. 464; *Widener v. Schwartz,* 74 Pa. Superior Ct. 294. This is true although the record discloses that the alderman had no

jurisdiction. *Shaffer v. Sires,* 81 Pa. Superior Ct. 589; *Huntington & Broadtop Mountain R. R. v. Fluke,* 32 Pa. Superior Ct. 126. We see nothing in this appeal for our consideration.

The appeal is dismissed.