Verdict and judgment for plaintiff for $4,192.50. Plaintiff appealed.

*Error assigned* was " the action of the learned judge at the trial, after the jury had been sworn, in calling before him one of the counsel for appellant and the counsel of said company respondent, and saying to them : ' I will not allow a verdict in this case for more than $4,000 to stand.' "

*Henry G. Harris,* for appellant.—A verdict directed by the court determining the amount of damages is not a compliance with the court.

*Thad. L. Vanderslice,* for appellee.—No bill of exceptions was sealed in this case. The alleged remark of the trial judge is not a matter of record, and there is no evidence here that such remark was made. As a matter of fact he used no such language, but merely intimated to counsel, not in the hearing of the jury, his own view of the merits of the case.

PER CURIAM, at bar, January 23, 1893 : Judgment affirmed.

---

## Jacobs *v.* Ellis, Appellant.

156    253
25 SC  548
156    253
f 32 SC  128

*Appeals—Justice of the peace.*

No appeal lies to the Supreme Court from the judgment of the court of common pleas on a certiorari to a justice of the peace.

Argued Feb. 1, 1893. Appeal, No. 120, July T., 1892, by defendant, Joseph R. Ellis, from judgment of C. P. Montgomery Co., Oct. T., 1891, No. 14, setting aside proceedings before a justice of the peace brought by Ellis against W. H. Jacobs. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Certiorari to justice of the peace.

The court, SWARTZ, P. J., set aside the proceedings before the justice on the ground that the record disclosed no proper service upon the defendant, plaintiff in the certiorari.

*Error assigned* was, inter alia, in setting aside the proceedings before the justice.

*Gilbert R. Fox*, for appellant, cited: Bradley v. Flowers, 4 Yeates, 436 ; Hamner v. Griffith's Adm'r, 1 Grant, 193 ; France v. Ruddiman, 126 Pa. 257.

*William F. Solly* and *I. Newton Wynn*, for appellee : Silvergood v. Storrick, 1 Watts, 532; Cozens v. Dewees, 2 S. & R. 112; Borland v. Ealy, 43 Pa. 111 ; Pennsylvania Pulp Co. v. Stoughton, 106 Pa. 458; Palmer v. Lacock, 107 Pa. 346 ; Mahanoy City v. Wadlinger, 142 Pa. 308.

PER CURIAM, at bar, February 1, 1893 : Appeal quashed.

---

## McCloskey *v.* Bells Gap R. R., Appellant.

*Negligence—Injury—Charge of court—Review.*

In an action by a passenger against a railroad company to recover damages for injuries resulting from the alleged negligent manner of coupling cars, the court charged : "It is necessary that cars be coupled together by the backing of the engine, but in doing that the employees of the company must do it in such a manner as not to strike the car with such force as to injure passengers sitting therein. If they did, it would be such an act of negligence as would entitle the plaintiff, or any person, to recover who suffered injury therefrom." In other parts of the charge the court repeatedly stated that plaintiff could not recover unless the injury was the result of the negligent conduct of defendant. *Held*, that the jury could not have understood that the fact of injury was the test of plaintiff's right to recover.

*Instructions as to damages.*

An instruction that the question of damages "is wholly and entirely in the province of the jury," is not ground for reversal, if the trial judge follows the general phrase complained of immediately and in the same sentence by a specific enumeration of the items of damages, and concludes with the direction that "all these taken together would be the amount that the plaintiff is entitled to recover."

*Remarks of counsel to jury—Review.*

Remarks of counsel to the jury are not reviewable by the Supreme Court.

Argued April 20, 1893.  Appeal, No. 268, Jan. T., 1893, by defendant, from judgment of C. P. Clearfield Co., Sept. T.,