## Phœnix Iron Works Company, Appellant, *v.* Mullen.

*Appeals—Certiorari—Justice of the peace—Quashing appeal—Act of March 20, 1810, sec. 22, 5 Sm. L. 161, Act of July 7, 1879, P. L. 194.*

No appeal lies from the judgment of a court of common pleas on a certiorari to a justice of the peace, where the record shows that the justice had jurisdiction, and that the cause of action was within the act of 1810, as amended by the act of 1879.

Argued April 13, 1904. Appeal, No. 27, April T., 1904, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1903, No. 220, affirming judgment of justice of the peace in case of Phœnix Iron Works Company v. J. S. Mullen. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Appeal from judgment of justice of the peace.

*Error assigned* was in affirming the judgment of the justice of the peace.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.

*John S. Wendt*, with him *F. F. Sneathen* and *Johns McCleave*, for appellee.—This court has no jurisdiction of this appeal: Jacobs v. Ellis, 156 Pa. 253 ; Palmer v. Lacock, 107 Pa. 346 ; Penna. Pulp & Paper Co. v. Stoughton, 106 Pa. 458 ; Carroll v. Barnes & Erb Co., 11 Pa. Superior Ct. 590 ; Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231 ; Mahanoy Boro. v. Wadlinger, 142 Pa. 308.

PER CURIAM, July 28, 1904 :

This is an appeal from the judgment of the common pleas affirming the judgment of an alderman and ex officio justice of the peace, which was brought before that court by certiorari. The 22d section of the Act of March 20, 1810, 5 Smith's Laws, 161, provides that " the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid (by certiorari) by the said court and no writ of error shall issue thereon." The law in this particular was not changed by the Act of July 7, 1879, P. L. 194, extending the jurisdiction of justices to the sum of $300—Pennsylvania Pulp & Paper Co. v. Stoughton, 106 Pa. 458—nor by the Act of May 9, 1889, P. L. 158, giving the name appeal to all appellate proceedings, nor by the Act of June 24, 1895, P. L. 212, establishing this court and defining its jurisdiction. Both before and since those acts it has been enforced by quashing appeals in numerous cases, many of which are cited in Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231. See also Palmer v. Lacock, 107 Pa. 346, and Jacobs v. Ellis, 156 Pa. 253. In Murdy v. McCutcheon, 95 Pa. 435, where the Supreme Court reviewed and reversed the judgment of the common pleas affirming the judgment of a justice of the peace, the question of jurisdiction seems not to have been raised by counsel nor considered by the court, at least it is not discussed in the opinion. In Crumley v. Crescent Coal Co., supra, we said : " It is urged that the section does not apply where the magistrate has not jurisdiction, and in support of this position the case of Fowler v. Eddy, 110 Pa. 117, is cited. On the other hand see Borland v. Ealy, 43 Pa. 111, and Diehm v. Parkes, 1 Mona. 174. We do not deem it necessary to discuss this question. It is sufficient for

present purposes to say that the record does not show lack of jurisdiction either of the parties or of the subject-matter." The return of the constable in the present case shows on its face a valid service, and the cause of action was within the jurisdiction conferred upon justices of the peace by the act of 1810 as amended by the act of 1879; therefore, bearing in mind that the evidence submitted to the justice to explain or contradict it forms no part of the record, the foregoing remarks are equally pertinent and controlling here.

The appeal is quashed.