## Adams *v.* Berge, Appellant.

*Appeals—Quashing appeals—Justice of the peace.*

The Superior Court will quash an appeal from an order of common pleas quashing a certiorari to a judgment of a justice of the peace, where it appears that the justice had jurisdiction of the cause of action, and that the defendant had been served, but had neglected to take advantage at the proper time, and in the proper form, of the method provided by law for the correction of the irregularities in the proceedings before the justice of which he complained.

Argued Jan. 8, 1906. Appeal, No. 10, Jan. T., 1906, by defendant, from order of C. P. Wyoming Co., Oct. T., 1904, No. 1, quashing writ of certiorari in case of Laura Adams v. W. H. Berge. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER JJ. Affirmed.

Certiorari to a justice of the peace.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Charles H. Soper*, for appellant.

*James W. Piatt*, for appellee.

PER CURIAM, March 12, 1906 :

That there were irregularities in the proceedings of the justice of the peace as shown by his transcript which would have warranted a reversal of the judgment, if the certiorari sued out by the defendant in the action, the appellant here, had been duly prosecuted, may be conceded. But the defendant did not file exceptions to the record after it was returned, and in accordance with the rules of the common pleas the writ was quashed and judgment affirmed. More than two months afterwards he petitioned the court to reinstate the writ and permit him to file exceptions nunc pro tunc. A rule to show cause was granted, and although an answer was filed which under the rules of court cast on the petitioner for the rule the burden of proving the facts alleged in excuse of the default, so far as they were disputed, no depositions were taken on either side. Therefore the court was required to dispose of the rule upon the petition and answer. Looking at the facts set forth therein, so far as they are not in dispute, we cannot say that the court was not warranted in concluding that the default in filing exceptions was not excused.

There remains to be considered the assignments of error to the original judgment. The transcript of the record of the justice shows that the cause of action was within the jurisdiction of justices of the peace, and that the summons was personally served on the defendant the full length of time before the return day required in the case of nonresidents of the county. True, it is not affirmatively set forth in the transcript that he was a nonresident, and although he may have been in fact a nonresident, we do not say that the court would not have been justified in reversing the judgment because of that defect in the record. But the objection does not go to the jurisdiction of the justice over the subject-matter of the action —to adopt the language of the 22d sec. of the act of 1810 "the cause of action was cognizable before a justice of the peace"— and there having been personal service of the summons, and the defendant having neglected to take advantage at the proper time, and in the forum established for the correction of such errors, of the irregularities in the proceedings, that clause of the same section of the act applies which declares that the judgment of the common pleas shall be final and no writ of

error shall issue thereon. The law in this particular was not changed by the act of 1879, extending the jurisdiction of justices to the sum of $300, nor by the act of 1889, giving the name appeal to all appellate proceedings, nor by the acts of 1895 and 1899, establishing the Superior Court and defining and enlarging its jurisdiction : Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547, and cases there cited. It follows that the motion to quash must prevail.

The appeal is quashed and the record remitted to the court below.