# Sweitzer *v.* Emert, Appellant.

*Justice of the peace—Action to recover illegal fees—Civil suit—Public officers—Appeals—Acts of March 20, 1810, 5 Sm. L. 161, and May 26, 1897, P. L. 100.*

1. An action brought before a justice of the peace against a public officer to recover the penalty provided by the Act of May 26, 1897, P. L. 100, is a civil suit, and a judgment of the court of common pleas affirming the judgment of a justice of a peace in such a suit is final, and no further appeal lies to the Superior Court.

2. The appearance of a defendant before a justice of the peace and the trial of the case on the merits cures any defect in the service.

Argued May 6, 1913. Appeal, No. 141, April T., 1913, by defendant, from order of C. P. Somerset Co., Sept. T., 1912, No. 96, affirming judgment of justice of the peace in case of Simon P. Sweitzer v. John G. Emert. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Appeal quashed.

Appeal from judgment of justice of the peace.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*J. A. Berkey,* with him *C. L. Shaver,* for appellant.

*Alexander King,* for appellee.

OPINION BY MORRISON, J., October 13, 1913:

This was an action before a justice of the peace to recover $50.00 penalty from the defendant for the taking of illegal fees as recorder of deeds of Somerset county. The justice issued a summons and on the return day thereof the parties, plaintiff and defendant, appeared and on hearing the justice entered judgment in favor of the plaintiff, the party injured, and against the defendant for $50.00 and costs. The defendant then caused the

removal of the case to the court of common pleas of said county on a writ of certiorari and on exceptions filed, argument and consideration the court overruled the exceptions and affirmed the judgment of the justice.

The suit was brought to recover the penalty provided by the Act of Assembly of May 26, 1897, P. L. 100, which reads as follows: "That if any officer, whether while in office or after his term shall have expired, shall charge or demand any fee for any service or services other than the fee provided by law, such officer shall forfeit and pay to the party injured $50.00, to be recovered as debts of the same amount are recoverable."

If the action before the justice was a civil suit and that official had jurisdiction of the cause of action under the Act of March 20, 1810, 5 Sm. Laws, 161 (see p. 171), then by the plain terms of sec. 22 of said act the judgment of the court of common pleas affirming the judgment of the justice of the peace was final and this appeal will not lie. We are clearly of the opinion that the action before the justice was a civil one, and that it was in no sense of a criminal nature. This question is ruled in Spicer v. Rees, 5 Rawle, 119; Com. v. Betts, 76 Pa. 465, and Mahanoy City Borough v. Wadlinger, 142 Pa. 308. We are equally clear in the opinion that the justice had jurisdiction of the cause of action under the provisions of the act of March 20, 1810, supra, and therefore the decision of the court of common pleas was final and this appeal should be quashed. That act, sec. 22, provides that, "the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid (by certiorari) by the said court and no writ of error shall issue thereon." There is no doubt about this law now applying to appeals which take the place of the former writs of error. The questions arising in this appeal have been frequently considered by the Supreme Court and by this court. See Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231; Palmer v. Lacock, 107 Pa. 346; Jacobs v. Ellis, 156 Pa. 253;

Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547; Fry v. Spatz, 29 Pa. Superior Ct. 592; Adams v. Berge, 30 Pa. Superior Ct. 422. In Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547, we held: "The law in this particular was not changed by the Act of July 7, 1879, P. L. 194, extending the jurisdiction of justices to the sum of $300—Pennsylvania Pulp & Paper Co. v. Stoughton, 106 Pa. 458—nor by the Act of May 9, 1889, P. L. 158, giving the name appeal to all appellate proceedings, nor by the Act of June 24, 1895, P. L. 212, establishing this court and defining its jurisdiction."

In the present case the record does not show lack of jurisdiction either of the parties or of the subject-matter. It is contended that the constable's return of service of the summons does not show a legal service. But the defendant appeared before the justice and the case was tried on its merits. This gave the justice jurisdiction of the person of the defendant beyond any controversy: Gibson v. Haworth, 47 Pa. Superior Ct. 618.

The appeal is quashed at the cost of appellant.