# Schwenker & Company *v.* Wagner, Appellant.

*Justice of the peace—Appeals — Certiorari— Act of March 20, 1910, Section 22, 5 Sm. L. 171.*

No appeal lies from a judgment of a court of common pleas, on a certiorari to a justice of the peace, where the record does not show lack of jurisdiction either of the parties or the subject-matter.

Argued March 4, 1919.   Appeal, No. 22, March T., 1919, by defendant, from judgment of C. P. Lackawanna Co., January T., 1918, No. 443, affirming judgment of Justice of the Peace in the case of G. F. Schwenker & Company v. Norton Wagner, Trading as New Penn Waste Paper Company.   Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Certiorari to Justice of the Peace.

NEWCOMB, J., in affirming the judgment of the justice of the peace filed the following opinion:

The judgment is attacked only for the alleged disqualification of the magistrate by reason of his family relation with the personnel of the plaintiff company.   To this it is answered that plaintiff is a corporation in which the personal identity of the corporators is lost, and therefore the objection does not lie.

The argument is believed to be without merit.   The stockholders are three in number, namely, G. F. Schwenker, his son, J. Henry Schwenker, and Mrs. Schwenker, his wife.

The alderman is a brother of the elder Schwenker, and if timely objection had been made, one can think of no good reason why it would not be quite as effective as in case of a suit to which the several stockholders were parties in person.   For present purposes the attempt to distinguish as between such action and a suit by the company of whose franchises and assets they are the sole owners, would seem to be purely fanciful.

574 SCHWENKER & CO. *v.* WAGNER, Appellant.

Opinion of Court below—Opinion of the Court. [71 Pa. Superior Ct.

But the trouble is that the fact of relationship is made to appear only by agreement of counsel submitted in writing at the argument.

The case had gone to trial and judgment in default of appearance by defendant either in person or otherwise, and therefore without objection or protest. Hence, the objection must now be deemed to have been waived. It has no statutory basis serving to avoid the judgment per se.

It can claim no support except on grounds of challenge for cause as in case of juror; and that is not self-executing, but merely open to the party at his pleasure. Failing to exercise his privilege, his right is lost and he cannot thereafter revive it by complaining of the verdict. It is too late to first raise the objection on certiorari. The exception is therefore dismissed and the judgment affirmed.

*Error assigned* was in affirming the judgment of the justice of the peace.

*L. P. Wedeman,* for appellant.

*Wallace G. Moser,* for appellee.

OPINION BY TREXLER, J., May 8, 1919:

The record of the alderman was before the lower court on certiorari. The only exception attacking the record was that the magistrate was disqualified to act in the matter "because he was related to the personnel of the plaintiff company." The court overruled the exception and affirmed the judgment. This settled the matter. The 22d Section of the Act of March 20, 1810, 5 Smith's Laws 171, Purdon's Digest, 13th Ed., 1453, provides that "the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid (by certiorari) by the said court and no writ of error shall issue thereon": Phœnix Iron Works Co. v. Mullen, 25 Pa. Superior Ct. 547.

The appellant argues that the question of jurisdiction may be raised at any time even in the appellate court: Fowler v. Eddy, 110 Pa. 117. We may answer this in the language of this court in Phœnix Iron Works v. Mullen, supra. "It is sufficient for present purposes to say that the record does not show lack of jurisdiction, either of the parties or of the subject-matter."

Appeal quashed.