## Commonwealth v. Hindin

*Abraham Wernick,* for Commonwealth.

*Robert H. Arronson,* for defendant.

LEVINTHAL, J., November 8, 1944.—This matter came before us in the court of quarter sessions on defendant's appeal from the judgment of a magistrate imposing a fine of $10 on him for offering food for sale on the highways of the City of Philadelphia without a license, in violation of the provisions of the ordinance of council of the city, enacted April 30, 1941.

The City Solicitor of Philadelphia, on behalf of the city, orally moved to quash the appeal, contending that it should have been taken to the court of common pleas and not to the court of quarter sessions, and that the latter tribunal has no jurisdiction.

In considering the question thus raised, it may be noted preliminarily that article V, sec. 14, of the Pennsylvania Constitution provides:

"In all cases of summary conviction in this Commonwealth, or of judgment in a suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by

law, upon allowance of the appellate court or judge thereof upon cause shown."

Pursuant to this constitutional provision, the legislature enacted the Act of April 17, 1876, P. L. 29, 19 PS §1189, which, as amended by the Acts of July 11, 1917, P. L. 771, and April 1, 1925, P. L. 98, made the following distinctions:

1. "In all cases of summary *conviction* in this Commonwealth, before a magistrate or a court not of record, either party . . . may, within 5 days after such conviction, appeal to the *Court of Quarter Sessions* of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said Court of Quarter Sessions, or any judge thereof upon cause shown."

2. "Either party may also appeal from the judgment of a magistrate or a court not of record, in *a suit for a penalty*, to the Court of Common Pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown." (Italics supplied.)

To the same effect is section 20 of the Magistrates' Courts Act of May 10, 1927, P. L. 866, 42 PS §§1041, 1060, which regulates appeals from decisions of magistrates in the City of Philadelphia.

It will be observed that under these statutes whether or not we have jurisdiction to consider the instant appeal depends upon whether the judgment entered by the magistrate from which the appeal was taken constitutes "a summary conviction" (in which case the court of quarter sessions does have jurisdiction) or a "judgment in a suit for a penalty" (in which latter case the court does not have jurisdiction).

In deciding this issue, none of the following factors is controlling: (1) That defendant, in prosecuting his appeal, filed a petition entitled "Petition of defendant for appeal from summary conviction"; (2) that this court on consideration of the petition granted to de-

fendant "the right to appeal from the summary conviction of the magistrate"; (3) that following the allowance of the appeal, the magistrate in filing his transcript used a form of return commonly employed in appeals from summary convictions, and (4) that the case has been captioned "Commonwealth of Pennsylvania", instead of "City of Philadelphia", v. Milton Hindin. Whether or not we have jurisdiction in the premises rests not on the label which was placed on the instant proceedings, but rather on the intrinsic nature thereof.

An examination of the record in this case convinces us that the proceedings before the magistrate which resulted in the fine imposed on the defendant were not criminal proceedings in any proper sense, but constituted rather a civil suit for the collection of a penalty.

This is so for the following reasons:

1. Only the Commonwealth itself has power to create statutory criminal offenses. While a municipality may within the limits fixed by law enforce its police regulations by providing for the imposition of fines or penalties in the event of violation of its ordinances, it has no power to create criminal offenses. The phrase "summary conviction", as used in the acts of the legislature, obviously applies to a conviction in a criminal case. The imposition of a fine, therefore, under a municipal ordinance cannot be regarded as anything other than a judgment in a civil suit "for a penalty" which, under the foregoing statutory provisions, may be appealed only to the court of common pleas.

2. The ordinance under which the fine was imposed in the instant case does not purport to make the violation of the provisions of the ordinance a criminal offense. Section 17 of the ordinance provides:

"Penalties: Any person violating any of the provisions of this ordinance shall, upon a hearing before

any magistrate, pursuant to a summons duly issued and served, for the first offense be fined an amount not less than ten (10) dollars nor more than fifty (50) dollars, with costs, together with judgment of imprisonment not exceeding thirty (30) days if the amount of said fine and costs shall not be paid into the court imposing the fine within ten (10) days from the date of the imposition thereof. In the event of a subsequent offense such person shall be fined an amount not less than twenty-five (25) dollars nor more than one hundred (100) dollars, recoverable with costs, together with a similar judgment of imprisonment as in the case of a first violation."

The fact that it is provided that the hearing before the magistrate shall be "pursuant to a summons duly issued and served" is some indication that these proceedings were intended to be civil. Criminal proceedings are usually instituted by a warrant or information, and not by a summons.

3. The fact that the ordinance provides for imprisonment in the event that defendant fails to pay the fine, does not require us to hold that the proceedings are criminal in nature. Imprisonment for failure to pay a judgment in a civil suit was a common practice at common law. The Act of July 12, 1842, P. L. 339, 12 PS §257, which largely abolished imprisonment for debt in Pennsylvania, specifically provided that its provisions did not affect "actions for fines or penalties".

4. Counsel for defendant strongly urged upon us his contention that in the instant case the proceedings must be deemed to be criminal in their nature because he was arrested by police officers, who viewed his violation of the ordinance, without any summons being issued against defendant. This was done in pursuance of section 1 of the Act of May 3, 1876, P. L. 99, 53 PS §3452, which provides:

"Any police officer or constable, upon view of the breach of any ordinance of any city of ·the first class, is.authorized to forthwith arrest the person or persons so offending, without ·any process; and to take said person or persons forthwith before any police magistrate or alderman of said city, who shall thereupon require bail for the appearance of said person at a time to be fixed for the hearing of said charge, and in default of bail to commit for a hearing; and at said hearing the case shall be proceeded with as if the parties were · appearing before said magistrate or alderman upon a summons duly issued and returned served, or if both parties desire it the case may be entered and determined by the magistrate or alderman in like manner, without requiring bail or further continuance."

In our opinion, the fact that this statute authorizes arrests on sight, in cases of breach of ordinances, does not require us to hold that the proceedings are criminal in their nature. The commencement of certain civil proceedings by arrest is common in tort actions begun through writs· of capias ad respondendum. All that the legislature has done by the aforesaid Act of 1876 was to authorize the commencement of actions for recovery of penalties for breach of ordinances by arrests without any other process. This cannot have the effect of converting· what would otherwise be a civil suit for the collection of a penalty into a criminal prosecution resulting in a summary conviction.

5. Authority for considering proceedings brought to recover fines or penalties for violation of ordinances or statutes as civil suits may be found in the following cases: Herman v. Brookerhoff, 8 Watts 240, 242 (1839); Donahue v. Dougherty, 5 Rawle 124, 130 (1835); Sweitzer v. Emert, 55 Pa. Superior Ct. 176, 177 (1913); Borough of Mahanoy City v. Wadlinger, 142 Pa. 308, 311 (1891); City of Philadelphia v. Bergner et al., 48 D. & C. 61 (1944).

For all of these reasons we are of the opinion that the fine imposed on defendant in the instant case was a judgment in a civil suit brought by the municipality for the collection of a penalty and not a summary conviction in a criminal prosecution. Hence the court of quarter sessions has no jurisdiction to entertain the appeal, and we must therefore dismiss it for lack of jurisdiction.