## Commonwealth v. Grauel

*Robert L. White*, for appellant.
*Samuel M. Snipes*, for Commonwealth.

BODLEY, J., November 19, 1969.—In a summary proceeding before a justice of the peace, appellant, James F. Grauel, was found to have violated certain provisions of the Building Code and Plumbing Ordinance of the Township of Falls, this county. From this finding, and the imposition of certain penalties provided for in the ordinances, Grauel has appealed to this court. Testimony has been taken and the matter is now before us for disposition.

At the hearing, competent evidence was offered by the township tending to show that shortly after August 1, 1967, inspections of a residence in Falls Township, sold by appellant on that date to another, revealed four violations of the township's plumbing ordinance and six violations of the building code. This evidence was in no way controverted by appellant. Accordingly, we find as a fact that various plumbing ordinance and building code violations for which appellant was cited did, in fact, exist as of the dates the inspections were made during the months of August and September 1967. Because of the nature of the violations, relating as they did to the installation of electrical wiring, plumbing facilities, and the like, it is reasonable to infer that the said violations existed as of August 1, 1967, the date on which appellant transferred title of the residence. Appellant's purchaser so testified, and this testimony was not challenged at the hearing. Indeed, appellant does not deny the allegation made by the township officials that it was he who actually violated the ordinances.

Counsel for appellant has not favored us with a memorandum of law as he was instructed to do at the conclusion of the hearing, and we, therefore, assume that he has abandoned any positions stated in the

appeal other than those mentioned by him at the hearing and discussed briefly hereunder.

It is maintained that the appeal must be sustained because appellant is not an "owner" within the meaning of the ordinances. We are not quite sure from the record whether this position is based upon the fact that the penalty proceedings were instituted against appellant after the date on which he parted with title, or whether it is based upon the fact that when he was admittedly the "owner" of the premises involved, he owned the same with his wife as tenants by the entireties. In either case, the argument has no merit.

In the penalties section of each ordinance, not only the "owner," but ". . . any other person who knowingly commits . . ." a violation of the respective ordinances is subjected to penalties. The record here makes it abundantly clear that appellant, while owner and occupant of the residence in question, committed the violations, and it matters not that the township charitably determined to proceed only against him rather than against his wife as well. Nor does it matter that the violations were discovered after appellant had parted with title and no longer was an owner. He cannot thus escape the consequences of his acts. Were it to be held otherwise, the hit-and-run violator could easily thwart the health and safety measures of the township and make enforcement of such regulations ever so much more difficult.

Appellant next raises what he terms a 'jurisdictional" question. He states that the action against him should have been brought in the name of the township rather than as captioned; namely, Commonwealth of Pennsylvania ex rel. Falls Township Board of Supervisors v. James F. Grauel. With this, we agree. Without question, an action brought against a person

for violation of a township ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding, not criminal. This is so even though the action may be started by a warrant for the offender's arrest, and even though the penalty provided for in the ordinance is referred to as a "fine": Commonwealth v. Ashenfelder, 413 Pa. 517, 524-25 (1964). And the fact that the word "Commonwealth" is used erroneously in the caption does not change the nature of the proceedings: Ashenfelder, supra, at page 525. The Second Class Township Code of May 1, 1933, P. L. 103, as last amended by the Act of June 6, 1963, P. L. 73, sec. 1, 53 PS §65741, provides, inter alia, that ". . . The board of supervisors may prescribe fines and penalties not exceeding three hundred dollars in any instance for the violation of any such township ordinances, which fines and penalties may be collected by suit or summary proceeding *brought in the name of the township* before any justice of the peace. . . ." (Italics supplied.) The act goes on to provide that the proceedings may be commenced by warrant, as in this case, or by summons at the discretion of the justice of the peace before whom the proceeding is instituted.

Although appellant's counsel argues that the faulty caption is fatal to the proceedings requiring that the appeal be sustained, we have found no authority for this proposition, and we believe that this is not the law. In support of his position, counsel referred to the case of Bensalem Township v. Beyer, 15 Bucks 266 (1965). However, in that case, counsel for both the township and defendant, following the institution of proceedings in the name of the Commonwealth, realized the error and, by written stipulation filed, amended the caption so as to read, "Bensalem Township v. . . ." rather than "Commonwealth v. . . . ." While Judge Satterthwaite, in the Bensalem Town-

ship case, noted the initial erroneous caption and the subsequent amendment, these matters were not germane to the issue before him and the decision of the case in no way involved them. Judge Satterthwaite merely mentioned that the action should have been brought in the name of the township, and with this we fully agree.

In all of the cases dealing with the subject which we have found, the erroneous caption was held to be not fundamental error.[1] And we so hold here. Though faulty, it is not a jurisdictional problem and does not vitiate the proceedings.

Finally, appellant argues that inasmuch as the warrant was executed by a Philadelphia constable in that city, the Falls Township justice of the peace had no jurisdiction over his person, and the proceedings should thus fall. Although the Second Class Township Code, supra, following the words heretofore quoted, goes on to provide that the proceedings, whether instituted by summons or warrant, ". . . shall be directed to, and served by, a constable *of the township . . . ,*" we do not perceive this language to invalidate the otherwise proper execution of a warrant by a constable of the City of Philadelphia. (Italics supplied.)

As noted heretofore, it is now settled that a proceeding for the violation of a municipal ordinance is civil in nature, and this is so even though the action may be instituted by warrant. Such proceedings may thus, and in this narrow sense only, be termed quasi-criminal. If the action had been commenced by summons, the service here clearly would have been im-

---

[1] See for example Commonwealth v. Reitz, 25 Northumb. 212 (1953); Commonwealth v. Barnhardt, 12 D. & C. 2d 255, 7 Bucks 78 (1957); Commonwealth ex rel. v. Kinsey, 59 D. & C. 576 (1947); Commonwealth v. Ashenfelder, 413 Pa. 517 (1964).

proper and invalid. But a warrant may be executed anywhere in the Commonwealth, so long as it is issued by a justice of the peace of any given county of Pennsylvania. See Pa. Valentine-Binn's Justice, 1969, Minor Jud. Practice, §§5.5.2., 15.11.; Pa. R. Crim. P. 115. We hold that the language of the ordinances before us, providing for service of the summons or warrant, as the case may be, by a constable *of the township* cannot invalidate the service here challenged.

Further, this is an appeal, not a proceeding on certiorari, and thus constitutes a waiver of formal defects in the proceedings before the justice: Commonwealth v. J. Lee Reitz, 25 Northumb. 212 (1953). And although not a summary conviction in the technical sense of criminal proceedings, the case is to be decided on its facts and merits only, assuming, of course, that the justice of the peace had general jurisdiction of the subject matter, as is the case here: Commonwealth v. Burall, 146 Pa. Superior Ct. 525-28 (1941). By going to trial on the merits, appellant has waived any question of illegality of service (Sweitzer v. Emert, 55 Pa. Superior Ct. 176 (1913)), and just as in the case of summary proceedings, appellant, by going to trial without objection in this civil action for a penalty, has waived any question of service or jurisdiction of his person: Philadelphia v. Dortort, 205 Pa. Superior Ct. 211, 217 (1965).

### ORDER

And now, November 19, 1969, for the reasons stated heretofore, the appeal is dismissed. Costs upon appellant.